IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

MANUEL R PRATS VEGA     CASE NO. 09-08785 BKT

           CHAPTER 11

    Debtor(s)   ADVERSARY NO. 10-00021

BRANDA CRUZ

    Plaintiff

MANUEL R PRATS VEGA     **FILED & ENTERED ON 06/22/2010**

    Defendant(s)

### OPINION AND ORDER

This proceeding is before the Court upon Plaintiff's Motion to Alter or Amend Order [Dkt. No. 20] and Defendant's Opposition [Dkt. No. 23]. For the reasons set forth below, Plaintiff's motion to alter or amend order is hereby DENIED.

### PROCEDURAL BACKGROUND & DISCUSSION

Plaintiff seeks reconsideration pursuant to Federal Rules of Bankruptcy Procedure 9023, which makes Federal Rules of Civil Procedure 59 applicable to bankruptcy proceedings. This rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."Fed. R. Civ. P. 59(e). In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) *quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rules of Civil Procedure 59 (e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in

1

controlling law." <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F 3rd at 7 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct it own errors. <u>White v. New Hampshire Dept. of Employment Security</u>, 455 U.S. 445, 450 (1982).

Contemporary with the motion under Rule 59, Plaintiff filed a motion for leave to amend the complaint and an amended complaint. Plaintiff alleges that if the Court fails to consider the amended complaint, the Court would deprive plaintiff of her rights and as such would commit a manifest error of law. Unfortunately, Rule 59 cannot be used to bring to the Court's consideration a pleading filed <u>after</u> the subject judgment was entered. The Rule is clear that the Court should amend its judgment if a manifest error of law was committed or there is newly found evidence. Plaintiff's motion is defective inasmuch as it alleges the manifest error of law by this Court would be by failing to allow and consider her post judgment motion, i.e. the amended complaint.

Absent a manifest error of law or newly found evidence, the court is not in a position to alter or amend its previous order. Therefore, Plaintiff's motion to alter or amend the order dismissing the captioned adversary proceeding is hereby denied. The case remains dismissed.

SO ORDERED.

San Juan, Puerto Rico, this 22 day of June, 2010.

Brian K. Tester
U.S. Bankruptcy Judge

2